**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-1473

WILLIAM C. McLAUGHLIN; DEBORAH McLAUGHLIN,

Plaintiffs, Appellants,

v.

TIVERTON TOWN COUNCIL; TOWN OF TIVERTON; DENISE DEMEDEIROS, in her individual capacity and her official capacity as an agent or employee of the Town of Tiverton; JAY LAMBERT, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; PETER MELLO, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; BRETT N. PELLETIER, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; JOAN B. CHABOT, in her individual capacity and her official capacity as an agent or employee of the Town of Tiverton; DAVID PERRY, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; JOSEPH SOUSA, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; MATTHEW WOJCIK, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; ANDREW M. TEITZ, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; GINA A. DICENSO, in her individual capacity and her official capacity as an agent or employee of the Town of Tiverton; NEIL HALL, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; GARETH EAMES, in his individual capacity and his official capacity as an agent or employee of the Town of Tiverton; MANCINI DEMOLITION, INC.,

Defendants, Appellees,

RELIABLE PEST CONTROL, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]


Before

Lynch, Selya, and Kayatta,
Circuit Judges.


Daniel Calabro, Jr. and Law Office of Daniel Calabro, Jr. on brief for appellants.
Mark DeSisto, Rebecca J. Partington, Kathleen A. Hilton, Patrick K. Burns, and DeSisto Law LLC on brief for Town appellees.
John P. Larochelle and Larochelle Law on brief for appellee Mancini Demolition, Inc.


February 8, 2021

**Per Curiam.**  After careful review of the briefs and the record, we affirm the judgment in favor of the defendants on the claim seeking recovery under 42 U.S.C. § 1983 based on due process rights under federal and state law (Count 1) essentially for the reasons set forth in the opinion of the district court.  We add only that it is plain that both plaintiffs had repeated notice in fact of the Town's intention to demolish the improperly sited structure, and that a failure to follow proper state law procedures does not itself necessarily violate the federal Constitution.  See Senra v. Town of Smithfield, 715 F.3d 34, 40 (1st Cir. 2013) ("[T]he federal Due Process Clause does not incorporate the particular procedural structures enacted by state or local governments." (quoting Chmielinski v. Massachusetts, 513 F.3d 309, 316 n.5 (1st Cir. 2008)); cf. Chiplin Enters., Inc. v. City of Lebanon, 712 F.2d 1524, 1527 (1st Cir. 1983) ("[I]t is axiomatic that not every violation of a state statute amounts to an infringement of constitutional rights.").  We also dismiss for lack of appellate jurisdiction plaintiffs' challenge to the district court order denying summary judgment in their favor. Morse v. Cloutier, 869 F.3d 16, 31 (1st Cir. 2017) ("It is settled beyond peradventure that we lack jurisdiction to hear appeals from the routine denial of summary judgment motions on the merits.").

We also affirm the judgment in favor of defendants on the counts for negligent supervision, negligent training, and estoppel on the grounds that plaintiffs have waived any challenge to the dismissal of those claims by not developing such challenges in their brief on appeal. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Finally, we vacate the judgment of dismissal with prejudice as to the remaining state law claims (conversion, trespass, and abuse of process) and direct that said counts be dismissed without prejudice pursuant to 28 U.S.C. § 1367 on remand. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020).

Affirmed in part, vacated in part, and remanded. See 1st Cir. R. 27.0(c).

Costs are awarded in favor of Defendants.